IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02298–RM–KMT

GOLD, INC., DBA GOLD-BUG FOR KIDS, INC.,

    Plaintiff,

v.

H.I.S. JUVENILES, INC.,

    Defendant.

## ORDER

    This matter is before the court on "Defendant's Motion to Stay Pending Resolution of Motion to Dismiss Plaintiff's Complaint and Memorandum in Support." (Doc. No. 34, filed Jan. 23, 2015.) Plaintiff's Response was filed on February 13, 2015 (Doc. No. 36) and Defendant's Reply was filed on March 2, 2015 (Doc. No. 37). For the following reasons, Defendant's Motion to Stay is DENIED.

    Plaintiff's Complaint, filed August 19, 2014, alleges that Defendant H.I.S Juveniles, Inc. is violating its trademark and trade dress rights related to its Gold Bug Fun Backpack and Gold Bug Harness Buddy products, which are children's backpacks and children's backpacks with a harness and tether, respectively. (*See generally* Compl., Doc. No. 1.) On October 24, 2014, Defendant filed a Motion to Dismiss arguing that Plaintiff's Complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief

can be granted. Defendant's Motion to Stay argues that the court should stay all discovery in this matter pending ruling on its motion to dismiss.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this

District.  *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).  Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved.  *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Defendant argues that the first *String Cheese* factor weighs against Plaintiff because Plaintiff did not file suit until more than five years after it sent an initial cease and desist letter to Defendant.  The court is not convinced, however, that this thwarts Plaintiff's interest in

3

proceeding expeditiously with this action.  Indeed, this court has previously recognized that a trademark plaintiff has a substantial interest in avoiding continuing injury due to a defendant's alleged violation of its trademarks.  *E.I. Du Pont de Nemours & Co. v. Teflon Blood Incorporated,* No. 09-cv-02717-WDM-KMT, 2010 WL 1957306, at *1 (D. Colo. May 13, 2010). Plaintiff alleges precisely such harm here and seeks to enjoin Defendant from selling its allegedly infringing products.  (*See* Compl. ¶¶ 36-38.)

Moreover, the court is not convinced that proceeding with discovery would impose a significant, countervailing burden on Defendant.  Defendant does not maintain that the court lacks jurisdiction over Plaintiff's claims or that it is entitled to immunity therefrom—rather it simply moves to dismiss Plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6). Granting a stay under these circumstances would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss.  This result would not only be contrary to the disfavored status of stays in this District, *see Bustos v. United States,* 257 F.R.D. 617, 623 (D. Colo. 2009), but would also make the court's docket thoroughly unpredictable and, hence, unmanageable, *Sanaah v. Howell,* 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).   Further, although Defendant argues that this case is factually intensive and that discovery will require the exchange of sensitive information between two competitors, the court does not believe this is unusual in trademark litigation and thus finds it insufficient to warrant a stay of discovery.

Finally, neither the interests of nonparties nor the public interest in general prompts the court to reach a different result.  Although Defendant argue a stay is warranted based on the significant time and expense that will to gather evidence from and depose certain non-party

witnesses, this concern, once again, is not unique to this case and, therefore, does not support the disfavored remedy of a stay of discovery.  Further, the public interest favors the prompt and efficient handling of all litigation.  *Sanaah,* 2009 WL 980383, at *1.

Therefore, it is

ORDERED that "Defendant's Motion to Stay Pending Resolution of Motion to Dismiss Plaintiff's Complaint and Memorandum in Support" (Doc. No. 34) is DENIED.

Dated this 8th day of April, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge