IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02298–RM–KMT

GOLD, INC., DBA GOLD-BUG FOR KIDS, INC.,

      Plaintiff,

v.

H.I.S. JUVENILES, INC.,

      Defendant.

---

## ORDER

---

      This matter is before the court on "Defendant H.I.S. Juveniles, Inc.'s Opposed Motion for Entry of Protective Order" ("Mot.") [Doc. No. 48]. The court has reviewed the Response filed by the Plaintiff [Doc. No. 52] and the draft of a Protective Order submitted by the Defendant [Doc. No. 48-1].

      Both Plaintiff and Defendant agree that a protective order containing an Attorney's Eye's Only confidentiality designation is appropriate in this case involving two direct competitors. The plaintiff, however, asserts that information about the aggregate, or total, figures associated with defendant's profits, revenues and royalties derived from defendant's alleged breach of a registered trademark should not be so restricted. Defendant disagrees.

      The statute controlling Plaintiff's Claim One for beach of a registered trademark, provides that as to damages "the plaintiff shall be entitled . . . to recover (1) defendant's profits, (2) any damage sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a).

Given the role of defendant's sales and profits in the calculation of damages, Plaintiff argues it would be impossible for the plaintiff to discuss settlement or to effectively evaluate its case without knowledge of these aggregate figures for the pertinent time period.

Confidential information that may be used against the company by a direct competitor in a lawsuit is generally afforded more protection than in other circumstances, including subjecting the information to an attorney's-eyes-only provision . *Netquote, Inc. v. Byrd,* Civ. Action No. 07-CV-00630-DM, 2007 WL 2438947, at \*1 (D. Colo. Aug. 23, 2007). *See also Zenith Radio Corp. v. Matsushita Electric Industrial Co.,* 529 F. Supp. 866 (E.D. Pa. 1981) ("Competitive disadvantage is a type of harm cognizable under rule 26."). It is the function of the court to balance the need of the party seeking discovery of confidential information against the opposing party's claim of injury resulting from the disclosure. *In re Indep. Svc. Org. Antitrust Litig.*, No. MDL–1021, 1995 WL 151739, at \*1 (D. Kan. Mar.9, 1995). Here, the defendant argues that disclosure of this information will give Plaintiff an unfair competitive advantage with common customers and vendors, but does not specify how, precisely, this information can be used to Plaintiff's advantage. (Mot. at 7.) Defendant concedes that Plaintiff "holds a market share more than forty times larger than that of H.I.S." (Mot. at 2.) Therefore, to the extent mere volume is a business advantage, the disparate market share between the two companies must already be apparent in the industry.

Under the facts of this case the court finds that disclosure of the aggregate amounts of defendant's profits, revenues and royalties, if any, derived from defendant's alleged breach of a registered trademark is a necessary component of Plaintiff's damages. Therefore, the court finds that any nominal prejudice to Defendant from the disclosure of these aggregate figures to the

Plaintiff is outweighed by the need for Plaintiff to understand the amounts at stake in the case in order to make reasonable decisions concerning the litigation.

It is therefore **ORDERED**

"Defendant H.I.S. Juveniles, Inc.'s Opposed Motion for Entry of Protective Order" [Doc. No. 48] is **DENIED**.  This court will enter a Protective Order providing that the aggregate amounts of profits, royalties and/or revenues which are necessary to compute a damages award and that are or may have been compiled from information designated as "Confidential – Attorneys' Eyes Only" shall be designated as "Confidential" information and treated under those provisions in the Protective Order.

Dated this 12th day of August, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge