**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02298-RM-KMT

**GOLD, INC. DBA GOLD-BUG FOR KIDS, INC.,**

    Plaintiff,

v.

**H.I.S. JUVENILES, INC.,**

    Defendant.

---

**PROTECTIVE ORDER**

---

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

    1.    This Protective Order (the "Order") shall apply to all parties to this litigation (the "Party" or, collectively, the "Parties") and to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Order, the term "document" is defined as provided in Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

    3.    In connection with discovery in the above-captioned action (the "Action"), a Party producing documents may designate any document as "Confidential" under this Order if such

Party and its counsel in good faith believe that it contains non-public information relating to the designating Party's confidential technical, business, sales, marketing, financial, pricing or other competitive commercial information.

4. In connection with discovery in the Action, a Party producing documents may designate any document as "Confidential – Attorneys' Eyes Only" under this Order if such Party and its counsel in good faith believe that it falls into one of the following categories:

    a. trade secrets or other proprietary technical data or particularly sensitive competitive commercial information, such as information tending to reveal the identities of customers and prospective customers;

    b. non-public financial information;

    c. information constituting product specifications and/or regarding the technology used to make products which is maintained as confidential;

    d. forward looking forecasts, projections, strategies, plans or the like.

5. Documents, materials, and/or information designated as "Confidential" shall not, without the consent of the Party producing it or by further Order of the Court, be disclosed except that such information may be disclosed to:

    a. outside counsel of record in this Action for the Parties;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. one (1) in-house counsel for each of the Parties who either have responsibility for making decisions dealing directly with the litigation of

      this Action, or who are assisting outside counsel in the litigation of this Action. The in-house counsel must be identified to the producing Party pursuant to paragraph 6 before confidential documents are disclosed by the receiving Party to said counsel;

d. up to and including two (2) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action. The two designated representatives must be identified to the producing Party pursuant to paragraph 6 before confidential documents are disclosed by the receiving Party to said counsel;

e. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case. Expert witnesses must be identified to the producing Party pursuant to paragraph 6 before confidential documents are disclosed by the receiving Party to said counsel;

f. the Court and its employees ("Court Personnel");

g. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

h. other persons by written agreement of all the Parties.

6. Documents, materials, and/or information designated as "Confidential – Attorneys' Eyes Only" shall not, without the consent of the Party producing it or by further Order of the Court, be disclosed except that such information may be disclosed to individuals listed in paragraphs 5(a-c) and (e-h), provided, however, that access by in-house counsel pursuant to

paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

The <u>aggregate</u> amounts of profits, royalties and/or revenues which are necessary to compute a damages award and that are or may have been compiled from information designated as "Confidential – Attorneys' Eyes Only" shall be designated as "Confidential" information and treated in accordance with Section 5 herein.

7. Before access to "Confidential" of "Confidential – Attorneys' Eyes Only" (collectively, "Protected Material") is given to individuals listed in paragraphs 5(c-e), the individual must completed the Undertaking attached as Exhibit A hereto and the same must be served upon the producing Party. For individuals listed in paragraph 5(e), a current curriculum vitae of the consultant or expert must be served upon the producing Party with the completed Undertaking. The Undertaking must be served on the producing Party at least five (5) days before access to the Protected Material is to be given to that individual. The producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the individual. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

8. Designation of information as Protected Material shall not affect its discoverability.

9. Information designated as Protected Material shall not be disclosed or used for any purpose except the preparation and trial of this case.

10. Documents are designated as Protected Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential" or "Confidential – Attorneys' Eyes Only."

11. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and shall be subject to the provisions of the Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. Any Party wishing to use any Protected Material in any brief, memorandum, affidavit or other paper filed with the Court shall file all such affidavit(s), exhibit(s), or other paper(s), and any portion of any brief or memorandum referring to or alluding to said Confidential Information, under seal, enclosing the document(s), excerpt(s), or exhibit(s) in a sealed envelope labeled with (or if E-filed, by including a coversheet providing) the caption of the case, a brief description of the contents, and a statement substantially in the following form:

> The following is confidential: this information is subject to a Protective Order in *Gold, Inc. dba Gold-Bug For Kids, Inc. v. H.I.S. Juveniles, Inc.*, Civil Action No.14-cv-02298-RM-KMT, United States District Court for the District of Colorado, and is only to be reviewed by a Judge or Magistrate Judge of this Court or their law clerks, counsel for the Parties in this litigation, or any person who has executed Exhibit A to the Protective Order for this case.

13. A Party may object to the designation of information as Protected Material by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Protected Material to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Protected Material under the terms of this Protective Order until the Court rules on the motion.

14. Producing or receiving materials or otherwise complying with the terms of this Order shall not operate as an admission by any party that any particular discovery material contains or reflects any Protected Material or a trade secret under applicable law.

15. Within sixty (60) days of the conclusion of this case, unless other arrangements are agreed upon, each document which has been designated as Protected Material and all copies thereof shall be returned to the Party that designated it Confidential, or the Parties may elect to destroy such documents. Where the Parties agree to destroy such documents, the destroying Party shall provide all parties with an affidavit confirming the destruction.

16. Nothing contained herein shall relieve the parties from listing any documents withheld from disclosures or production in a privilege log pursuant to C.R.C.P. 26(b)(5).

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

DATED this 12th day of August, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02298-RM-KMT

**GOLD, INC. DBA GOLD-BUG FOR KIDS, INC.,**

    Plaintiff,

v.

**H.I.S. JUVENILES, INC.,**

    Defendant.

**EXHIBIT A
UNDERTAKING OF INDIVIDUALS REGARDING
PROTECTIVE ORDER**

    I, _____, declare that:

1.    My current address is: _____.

    My current employer is: _____.

    My current occupation is: _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that came into my

possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

     5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action. I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____